UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ELSIE FLEURIDOR,

    Plaintiff,

v.

HEALTHCARE REVENUE RECOVERY
GROUP, LLC, d/b/a Account Resolution
Services,

    Defendant.
_____/

## COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), and violation of the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k. *See Mims v. Arrow Fin. Servs. LLC,* 132 S. Ct. 740 (U.S. 2012); 2012 U.S. LEXIS 906 (U.S. 2012). Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3.    Plaintiff, ELSIE FLEURIDOR, is a natural person, and at the time of the alleged violations, was a citizen of the State of Florida, residing in Broward County, Florida.

4.    Defendant, HEALTHCARE REVENUE RECOVERY GROUP, LLC, dba Account Resolution Services, is a Florida corporation with its principal place of business located

at 1643 North Harrison Parkway, Building H, Suite 100, Sunrise, FL 33323 and whose registered agent for service of process is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

5. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

6. Defendant regularly uses the mail and telephone in a business, the principal purpose of which is the collection of debts.

7. Defendant regularly collects or attempts to collect debts for other parties.

8. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

9. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

10. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

11. On or about February 21, 2015, Defendant left a voice mail message on Plaintiff's cellular telephone using an automatic telephone dialing system or a pre-recorded or artificial voice.

12. Defendant left similar or identical messages on other occasions using an automated telephone dialing system or pre-recorded or artificial voice on Plaintiff's cellular telephone. (Collectively, "the messages").

13. The messages are "communications" as defined by 15 U.S.C. §1692a(2). *See Berg v. Merchs. Ass'n Collection Div.*, Case No. 08-60660-Civ- Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

14. Defendant left the messages without giving meaningful disclosure of its identity.

15. None of Defendant's telephone calls, placed to Plaintiff, were for "emergency purposes" as specified in 47 U.S.C. §227 (b)(1)(A).

16. Defendant willfully or knowingly violated the TCPA.

## COUNT I
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

17. Plaintiff incorporates Paragraphs 1 through 16.

18. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity and failed to disclose the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). *See Valencia v The Affiliated Group, Inc.*, Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc*., 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs*., 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Damages;

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

## COUNT II
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

19. Plaintiff incorporates Paragraphs 1 through 16.

20. Defendant, or others acting on its behalf, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. a declaration that Defendant calls violate the TCPA;

    c. a permanent injunction prohibiting Defendants from placing non-emergency calls to the Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice; and

    d. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

CHRISTOPHER W. LEGG, ESQ.
Attorney for Plaintiff
3837 Hollywood Blvd., Ste. B
Hollywood, FL 33021
Telephone: 954-962-2333
Facsimile: 954-927-2451
ChrisLeggLaw@gmail.com


By: s/ *Christopher Legg*
Christopher Legg, Esq.
Florida Bar No. 44460