UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No.  0:15-cv-60652-WPD

ELISE FLEURIDOR,

      Plaintiff,

vs.

HEALTHCARE REVENUE
RECOVERY GROUP, LLC d/b/a
ACCOUNT RESOLUTION SERVICES

      Defendant.
_____/

## DEFENDANT, HEALTHCARE REVENUE RECOVERY GROUP, LLC d/b/a ACCOUNT RESOLUTION SERVICES 'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant HEALTHCARE REVENUE RECOVERY GROUP, LLC d/b/a ACCOUNT RESOLUTION SERVICES, (hereinafter "HRRG") by and through its undersigned counsel, and for its Answer to Plaintiff's Complaint (hereinafter "Complaint"), states the following:

### INTRODUCTION

1. HRRG admits the allegations only to the extent of claims identification, jurisdiction and venue; otherwise denied.

### JURISDICTION

2. HRRG admits that this Court has jurisdiction under 28 U.S.C. §1331 and 47 U.S.C. §227, et seq., but denies that Plaintiff has any claim for relief.

## PARTIES

3. HRRG lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of Plaintiff's Complaint.

4. HRRG admits that at times, it uses the mail and telephone to collect consumer debts owed to others, but HRRG lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of Plaintiff's Complaint, as specifically applied to the present case.

5. Admitted;

6. Admitted;

7. Admitted;

8. Unknown at this time; therefore denied;

9. Unknown at this time; therefore denied;

## FACTUAL ALLEGATIONS

10. Admitted;

11. Unknown at this time; therefore denied;

12. Unknown at this time; therefore denied;

13. Unknown at this time; therefore denied;

14. Unknown at this time; therefore denied;

15. Admitted;

16. Denied; Defendant demand strict proof thereof;

## COUNT II
## THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692d(6)

17. HRRG re-alleges and incorporates herewith by reference its responses to the

allegations of Paragraphs 1 through 16 above as if fully set forth herein.

18. Denied; Defendant demands strict proof thereof;

## COUNT II
## THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. §227 et seq.

19. HRRG re-alleges and incorporates herewith by reference its responses to the allegations of Paragraphs 1 through 18 above as if fully set forth herein.

20. HRRG denies the allegations of Paragraph 20 of Plaintiff's Complaint.

## JURY TRIAL DEMAND

21. HRRG requests a jury trial.

## AFFIRMATIVE DEFENSES

Subject to further investigation and discovery, HRRG alleges the following defenses without assuming the burden of proof where such burden is otherwise on the Plaintiff:

## FIRST DEFENSE

### Failure to State A Claim Upon Which Relief Can Be Granted

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

### Prior Express Consent

Defendant HRRG affirmatively states that it had the prior express consent of the Plaintiff to place telephone calls to the telephone number which Plaintiff had previously provided and, therefore, did not violate the TCPA when it called Plaintiff.

## THIRD DEFENSE

### Inapplicability of Statute

Defendant HRRG affirmatively states that it does not use an automatic telephone dialer

system as such is defined by the TCPA and, therefore, did not violate the TCPA when it called Plaintiff.

## FOURTH DEFENSE

### Bona Fide Error Defense

Defendant HRRG affirmatively alleges that the alleged actions of Defendant and its agents and employees are protected by the "bona fide error" defense pursuant to the Fair Debt Collection Practices Act, Section 1692k since such actions or inactions, if they occurred, were not intentional and resulted from a bone fide error notwithstanding the Defendant's maintenance of procedures reasonably adapted to avoid such an errors.

HRRG reserves the right to assert any other affirmative defenses as revealed within the discovery process. Stellar further reserves the rights to seek costs and attorney fees in the event the Court deems Plaintiff's action was brought in bad faith and for the purpose of harassing Stellar.

WHEREFORE, the Defendant, HRRG, prays that this Court enter judgment in Defendant's favor and against the Plaintiff, dismiss Plaintiff's Complaint and this action with prejudice, and award Defendant its costs involved in this case and such other and further relief the Court considers proper.

Dated this **29th** day of **April, 2015.**

Respectfully submitted,

/s/ *Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III, Esq., LL.M

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on **April 29, 2015**, via the Court Clerk's CM/ECF system which will provide notice to the following: Christopher W. Legg, Esquire, 3837 Hollywood Blvd, Suite B, Hollywood, Florida 33021, ChrisLeggLaw@gmail.com.

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III, Esq.., LL.M
Florida Bar No.: 110108
*kohlmyer@urbanthier.com*
Urban, Thier, & Federer, P.A.
200 S. Orange Avenue, Suite 2000
Orlando, FL  32801
Phone: (407) 245-8352
Fax: (407) 245-8361
Attorneys for Defendant